UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT JOSEPH FEWLESS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-649 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| COUNTY OF OTTAWA et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.       Factual Allegations

Plaintiff currently is incarcerated in the Muskegon Correctional Facility but complains of events that occurred in Ottawa County Jail.  He sues Ottawa County; Edward R. Post, Chief Judge of the 20th Circuit Court; Jospeh Legatz, attorney; Douglas L. Mesman, Chief Assistant Prosecuting Attorney for Ottawa County; Jon H. Hulsing, prosecutor; Gary Rosema, Ottawa County Sheriff's Department; and Venus Dyke, Ottawa County Detective.[1]

Plaintiff agreed to work with Kent County detectives to solve an armed robbery in exchange for a reduced sentence.  According to Plaintiff, however, the Ottawa County Circuit Court "neglected to gather any information regarding [Plaintiff's] cooperation, and ultimately refused to honor Plaintiff's sentencing agreement.  The circuit court also denied Plaintiff's subsequent motion for re-sentencing and for counsel.  Plaintiff further claims that the detectives and Sheriff's Department neglected to use proper procedures during the armed robbery investigation and Plaintiff's interview.

For relief, Plaintiff requests that (1) this Court conduct a thorough investigation of the named Defendants, (2) his "case be re-evaluated, and consideration given to 'time-served'", and (3) he receive monetary damages.

II.      Failure to state a claim

 A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

_____

[1]Plaintiff filed a similar action in *Fewless v. City of Grandville,* No. 1:05-cv-670 (W.D. Mich. September 29, 2005), which this Court dismissed on October 28, 2005.

- 2 -

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Plaintiff's demand for a reduction of his sentence based upon facts overlooked at sentencing must be brought as a federal habeas petition because it implicates the duration of his sentence. Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement). It is not appropriate, for a number of reasons, for the court on its own initiative to construe plaintiff's complaint as a habeas action. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee

- 3 -

requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff's claim for monetary damages is also barred because it implicates the duration of his confinement.  In *Heck v. Humprey*, 512 U.S. 477 (1994) the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 to recover monetary damages if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.* at 487.  When success in a § 1983 damages action would implicitly question the validity of the duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. *Muhammad v. Close,* 540 U.S. 749, 751 (2004).  If the Court were to grant monetary damages to Plaintiff for the alleged improper calculation of his sentence, such ruling would necessarily call into question the validity of the duration of Plaintiff's sentence.  Therefore, under *Heck,* Plaintiff must demonstrate that his sentence calculation has been reversed, expunged or set aside by a state court or called into question by a federal court's issuance of a writ of habeas corpus prior to bringing this action.  *See Heck*, 512 U.S. at 477.  Plaintiff has failed to show that his sentence has been reversed, invalidated or expunged prior to bringing this action under § 1983.  When a claim is not cognizable under § 1983 because of the rule espoused in *Heck*, the claim should be dismissed.  *Edwards v. Balisok,* 520 U.S. 641, 649 (1997).

- 4 -

**<u>Conclusion</u>**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  November 22, 2005                           /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE